Case No. 14-3933, Larry Thomas v. Illinois Department of Healthcare Joel Flaxman, on behalf of Larry Thomas Hayden Witherin, Assistant Attorney General, on behalf of the Department of Healthcare & Family Services and its Director Okay. Thank you. May I proceed? May it please the Court. Are you Kenneth's son? Yes. I just want to say that Kenneth has appeared in front of me many times, and it's nice to see you. I was going to say the same thing. He hasn't appeared in front of me, but it's just wonderful to see. Thank you. I'm glad it's an advantage and not a disadvantage. Well, I don't know Kenneth, but it's still a pleasure. This appeal presents a pure legal question, a question of statutory construction. We don't dispute that the Illinois Department of Healthcare & Family Services So what does notwithstanding in the section mean here? Okay. The notwithstanding clause means that the validity or the existence of the lien is there, notwithstanding other provisions. The example that we've pointed to is the Workers' Compensation Act, 820 ILCS 305-21. So your interpretation in your briefs with regards to notwithstanding, does that ineffectively knock it out, delete it? Absolutely not. Why not? The Workers' Compensation Act states in the Workers' Compensation Act that no payment, claim, award, or decision under this Act shall be assignable or subject to any lien. So in an enforcement action under the public aid code against a workers' compensation money, the notwithstanding clause says that that provision of the Workers' Compensation Act does not apply and there can be a valid lien, contrary to the language within the Workers' Compensation Act. Okay, well this is not a Workers' Comp Act matter and the language in itself doesn't indicate that it's applicable only to Workers' Comp Acts. So is the language in that section overly broad in terms of the notwithstanding? No, it's not overly broad. The language applies to that subsection, subsection A, which is about the existence of the lien. The notwithstanding clause does not apply to subsection D, which is about the enforcement of the lien. In this action, at no point have we ever disputed the validity of the lien, that the State has a right to a lien over the $12,000 at issue. And that's with or without the notwithstanding. So should our attention just be focused on this particular section? Because there's other provisions that have exceptions as well that, based on the language here, could be potentially effective as well. Well, there's two types of exceptions. So the exception that I refer to in the Workers' Compensation Act, which applies to the existence of a lien, we say is knocked out by the notwithstanding clause. The exceptions to enforcement, which are incorporated into the public aid code through Section D, are not impacted by the notwithstanding clause because it's not in subsection D. Subsection D, which, as I mentioned, incorporates Article 12, incorporates numerous exceptions. I went through Article 12, Section 12-1001 this morning, and I counted about 17 different exceptions. Right, and that's what I'm referring to. So basically what you're asking us to do is to say what? That it only applies to this particular type of exception, or does it apply to all the other exceptions? Those exceptions apply because Section D of the public aid code, Section 10-25.5, explicitly incorporates Article 12 as the manner for enforcement of judgments under that code. So every one of those exceptions will apply to enforcing a judgment, or in this case, to enforcing a lien. And the case that I would point to as really the most similar is this Supreme Court's opinion in Booth, which concerned the Unified Code of Corrections, which allows the state to collect income or to collect money from a former prisoner. And the policy at issue in that case was similar to the policy here about back child support. And the Supreme Court said that the assets the state can reach to satisfy the judgment are extensive. And we don't dispute that the assets the state can reach here are extensive for back child support, but the question is whether the exception applies. And as the Supreme Court found in Booth, the language of Article 12, which is incorporated explicitly here, create that exception. The other statutory construction issue that we've discussed in the briefing is this question about more specific versus general. In terms of any of these statutory construction ideas, Appellant's argument is that the language of the statute is clear and the court doesn't need to resort to any of the interpretive aids. Nevertheless, considering the more specific versus general question, we say it doesn't apply because there's no conflict.  What about the state's arguments that Reeves and Booth were prior to the amendment and therefore shouldn't be considered? The opinions that were issued before the amendment do not interpret the subsection A, where the notwithstanding clause was added. There was an exception at that time, wasn't there, like, 7500, I believe? So that's the same exception. And then the Breininger case discusses that that exception would apply because of the way that Article 12 is incorporated into the Public Aid Act. And it's important to note that the discussion in Breininger goes on to contrast the act we're talking about in this case, the Public Aid Act, with the Income Withholding for Support Act. And that case has this explicit statement where, defining income, it says any other state or local laws which limit or exempt income shall not apply. And we don't have that explicit command in the Public Aid Code in this case. And that's why, and the discussion in Breininger states this very clearly, the two statutes operate differently, that the collection of income versus collection of the lump sum have different rules that apply, and the exceptions are not overridden. In this case, when the collection is after a lump sum and not income. So where are we to take from the fact that the amendment takes place after Breininger and Booth, but the legislature doesn't address those cases at all? I don't believe there's anything in the legislature addressing the cases. The language we've cited from the discussions in the legislature refer to the Workers' Comp Act, which is what I referred to before, that the notwithstanding clause abrogates the exception in the Workers' Comp Act for placing a lien. The notwithstanding clause doesn't abrogate any of the exceptions for collecting the liens. And in the record, it appears that the amendment that came into effect in 2011 was actually intended only to address the issues that they wanted the state to be able to attach worker comp recoveries. And that was all that it was specifically intended to do. I believe that's what the evidence is from the legislative history. I looked and I did not find any other statutes that would have an exemption to a lien. It would be abrogated by the amendments, but it's possible that the state could pass one later that would also be abrogated by this notwithstanding clause. Another case that we've referenced is this case in Black. It's not Black hereditary. And I can talk about Black. Black refers to what I mentioned, a different act, the Income Withholding for Support Act. And it has that explicit reference stating that limits or exemptions on income shall not apply. And we don't have that in this case. We have this explicit incorporation of Article 12. The case that I wanted to contrast this one to is the case about the Forfeiture Act, which is people versus $8,450 of U.S. currency. And the Forfeiture Act has its own enforcement provisions. And in that case, the second district held that the exemptions that we've been talking about from Article 12 don't apply because they're not incorporated. And we have the opposite. You have incorporation of those exceptions from Article 12 and a clear command that they should apply. If there are no other questions. Well, I just want to make sure. With regards to the exemptions, particularly this one, what was the legislature's intent in establishing these exemptions? The exemptions that are in Article 12? My understanding was that the intention was to – the exemptions all do things like allow a limited amount to remain with the debtor or the person against whom the judgment is for survival or for things like exemptions for money for trade or profession, limited exemptions for awards for personal injury. These are things that there's a policy of allowing some limited amount to remain with the creditor for, I think, for that person's survival. And it's important to note that we are not disputing the validity of the lien. We are not disputing that the state would have the right to collect above the $15,000 exemption. So if there are any other questions, I'll reserve for about a minute. We'll ask the Court to reverse and remand with instructions to apply the exemptions. I just want to say one thing. If you're right, it stinks. I'm sorry? I said if you're right. This is not a legal opinion. I said, but if you're right, it really stinks that somebody doesn't have to pay child support if they get money. Well, Your Honor, they do have to pay. There's just this exemption that the legislature has created for $15,000. If that's all the money he has, the child doesn't get it if your interpretation of the statute is wrong. Well, I understand, and I understand the state's policy for collecting. I'm not arguing a legal point. From a moral standpoint, it stinks. Okay. And our response is that there's more than one policy at issue. There's the policy of collecting as much for back-pay child support, and there's also the policy that's implied in these exemptions of maintaining money for survival of the individual. See, they just survived from 1997 to 2000 and something without paying any child support. That's, yeah, it's a completely different issue. It's just with children that are not fed or clothed and suffer because their parents don't think it's important to pay their child support. And I'll just submit that the distinction that probably withdraws between the Withholding Act and the support act we're talking about here is that those exemptions don't apply for income. We're talking about a lump sum where this person does not have a lot of money and needs that money for his own survival. And I understand the concern you're raising. I'm just bringing to you the different policy arguments at issue. Thank you. Thank you. Good morning, Your Honors. Good morning. I'd like to start by pointing out that the Court doesn't have to go as far as some of the questions might have been suggesting. Under Article 12 of the Code of Civil Procedure, Part 10, lists the exemptions of personal property. There's other exemptions within Article 12, but if you look at 10-25.5 of the Public Aid Code, it says, notwithstanding any other state or local law, to the contrary, the state shall have a lien on all legal and equitable interest of responsive relatives in their personal property. So this is just an exception to the exemption to exempting personal property under the Code of Civil Procedure. And isn't your interpretation or your argument with regards to the notwithstanding literally wipe out all these exemptions? For personal property, and that's my point, is that it's not really touching on all the other exemptions in the Code of Civil Procedure or elsewhere. It's saying, notwithstanding any other provision of law, the exemptions for personal property no longer exist because the General Assembly made a different policy choice now. But why didn't the legislature then put that language in if that's what they intended? Well, they did. It says it limits it to personal property, and this is really about that exemption that existed in the Code of Civil Procedure. But there's also exemptions in the Code of Civil Procedure for homestead and bankruptcy and different things like that. This is an exception to the exemption to personal property. What about the argument that actually the notwithstanding language was intended by the legislature to be directed more towards the workers' comp recoveries, et cetera, in the workers' comp area? Sure. Two responses to that. First, the plain language of the amendment, which amended several statutes within this kind of public aid, public assistance realm, didn't limit the language to workers' compensation. And also, the last case on the issue from 2009, the Bartholomew case, said that the department could recover from workers' comp settlement. So for the legislature to be responding to a decision that already said we could recover from workers' comp doesn't seem to make sense. This was really more a part of a statewide and a national trend to expand the types of proceeds and monies that could be recovered for child support. And in the same sort of time span, both Illinois and other states and the federal government enacted laws that allowed a passport to be denied, driver's licenses to be suspended, vehicles to be impounded, state and federal tax refunds to be intercepted, all as part of this trend to be able to recover more to pay for the child support. But here in Illinois, the legislature on prior occasions has set out a basement. And so you cannot attach anything under $15,000, $15,800, and then previously it was $7,500. Because, again, even though you have to satisfy your debt, the legislature's intent of putting those exemptions was to not make the other person who owes a debt end up having nothing, which in effect might make them either a ward of the state as well, wouldn't it? Right. And this is, again, a different policy choice by the General Assembly. As a court in Bartholomew explained, that if the family had remained intact, that workers' comp settlement, that personal injury settlement or award would have benefited the whole family anyway. So it makes no sense to say that all of that money is, you know, off the table. And I would point out here the department didn't take the full $12,000, although they believe they were entitled to under the amendment to the public aid code. The department has a policy that it takes that into account and usually reduces the amount that it seeks by a third just to make sure that it's not leaving someone unable to pay their medical bills, thus unable to go to work, thus unable to make money to pay their child support. But even if you look at some of the other policy choices that were made, if someone's license is suspended because they haven't paid child support, they might not be able to get to work to pay, you know. So again, but these are policy decisions made by the General Assembly. And short of a constitutional problem, which Thomas has never alleged, you know, these are just things that the pendulum might shift back and forth over time. Different policy choices are made by the General Assembly. And I think based on the plain language of the amendment and the broadness of notwithstanding any other provision of law, it's clear that that was the intent of the General Assembly and wanting to grab more things that could go towards child support or re-arches. So would this apply to unemployment benefits, veteran benefits, things of that nature? Well, there are certain exemptions in other places. And if those things are classified as personal property, then yes. But if they fall under some other definition, then no. And this is just an expansion of the Department's ability to attach personal property. So when- Would the legislature have been clearer if that was truly their intent by also amending the Code of Civil Procedure with regard to the enforcement of judgment? Well, I think it took care of that by adding this notwithstanding language to almost every statute that allowed for recovery instead of amending the Code of Civil Procedure. The Code of Civil Procedure is really creating those exemptions to keep people- to keep creditors from going after debtors and making them bankrupt and poor and not able to function. Whereas this is a little bit more specific, and that's why it was probably done in the Public Aid Code because it's just about child support. So probably amending the Code of Civil Procedure would have been more confusing given its broader scope and intent. And as far as the- Well, the problem is, as Mr. Flaxman has set forth, is that if we follow the general rule of statutory construction that we're supposed to try to interpret statutes in harmony with each other, subsection A provides for a lien, notwithstanding any other laws. Subsection D says to enforce that lien, you have to follow- you have to do so in the manner provided for the enforcement of judgments under the Code of Civil Procedure. And then when you go to the Code of Civil Procedure, it says, well, there's this exemption. Right. If we interpreted that all in harmony with each other, then you have a lien, but you can't enforce it for less than $50,000. Well, there's two responses to that. One is most of this part of the Code of Civil Procedure sets forth procedures for enforcing the judgment versus exemptions. And if you read- That's how you would turn that phrase, in the manner provided. Yeah, shall enforce in the manner provided. So that would render A a nullity, because what would be the point of placing a lien on something if you could never enforce it? It would be reading-if you read D into A, then A has no purpose. If you could enforce it, let's say it was a $100,000 judgment. It was a $100,000 judgment. If you read these two sections together, you could enforce it for- That would render the notwithstanding any other provision of law that this property shall, by operation of law, have a lien placed against it. No other exemptions can apply, given that notwithstanding language. They're not disputing that lien. They're not disputing that if it was above the $12,000, that would have been enforceable, correct? That's correct. But there's no purpose for the department to place a lien on it if it's not collectible. So to read D into A would render A ineffective for most of the purposes, which is pretty clear from the language that it's saying, that all personal property is subject to a lien, by operation of law, that the department can enforce. Through the enforcement provisions in the manner provided in Article 12 of the Code of Civil Procedure. And again, to say that the personal injury exemption applies makes no sense, especially when you look at the context of the case at Bartholomew, where there's no limit on what can be recovered under the Workers' Comp Act. There's no exemption for that. So to say that a Workers' Comp settlement, you can recover anything under $15,000, but a personal injury, they get a $15,000 exemption, would make no sense in this trend towards allowing more things to be recovered to pay for past due child support. Well, Brengar and Booth were already out there when the amendment came into effect. Why didn't the legislature address those cases? Well, Booth was really about the Prisoner Unified Code of Corrections, so it really had nothing to do with child support, and so I could see why the General Assembly didn't feel a need to act in response to that. But, you know, Brengar was decided in 1997. This trend of change in laws has only been happening really in the last five years, so it's not surprising that, you know, in 1997 the General Assembly didn't take action to change that because that wasn't a policy choice that was important to them at the time. Are you talking about an amendment that took place in 2011? Right. So why wouldn't the legislature, knowing that this was out there, address it when they amended the statute, the Act? I guess I'm not understanding. Okay, so Brengar was out there, right? And the issue is that the general assembly was in favor of the exemption language, right? But Brengar said that you could recover workers' comp, so there would be no reason for the General Assembly to act in response to that. It was favorable to the Department's view because it says you can recover workers' comp act because in that case the court read the workers' comp act and the court … Right. So since that was there already, why didn't the legislature address that issue? There was no contrary decision. It actually found that the workers' comp act was overcome by the law that allowed the non-support withholding act. So there was nothing contrary. That case allowed the Department to recover workers' compensation settlements for past year child support, so that gave the Department authority to do that. There was no reason for the General Assembly to respond to that. It was only part of this trend towards allowing more things that the General Assembly expanded that to include all personal property, notwithstanding any other provision of law. So actually the amendment that came in 2011 is kind of in harmony with what the court found in Bartholomew, and I think that shows the legislative intent that Bartholomew was on the books. They agreed with it and took it even a step further by allowing personal injury settlements to be included along with workers' compensation settlements that was already allowed under the Bartholomew case. I have a question that's more directed to the case itself. Sure. The order was entered in 1997. So are Thomas' children now adults? Where are they in terms of age? That's a good question. Maybe he would know better. The last thing I knew is that they had been emancipated, I believe, but I'm not 100% certain about that. So does that matter? I mean, this is still a past due that's owing to them, really owing to the Department, because it's been signed over to them. I don't think the Department has outlaid this money to the family for them to survive because they didn't have the money at the time. I do know that he currently owes about $24,000, so that's still an amount of money that he owes to the custodial parent, and that would be passed on to the children, I assume. Unless this court has any further questions, I would just point out also that the relief that's requested here is that the lien be withdrawn. The money has already been taken out of the bank account. No stay was asked for. So withdrawing the lien will only affect, really, the rest of the amount the Department could have took, which was over the rest of the $8,000. So I think that's important to point out, and that we'd also ask that this court affirm the judgment of the circuit court. Thank you. Counsel's statement about Justice Roy's question about the children is instructive. I think it answers, to some extent, Justice Lampkin's concern that the state has outlaid the funds for the support here, and the question here is whether the state can recoup that money. So the question of the support for the children is not directly presented, but I don't want to— The next child. I don't want to downplay the concern. It's the next child I'm thinking about, whose parents are not paying, if the city doesn't get the money back. Right. It's been outlaid. Okay. And I don't want to downplay that, but I do want to make the point that it's not a direct— Well, I knew there were children. Okay. It's in your briefs that they're emancipated. The final point that I'll make is that the state makes the sweeping argument that notwithstanding abrogates an entire subsection from a different part of the statute. And in the brief, the state had said that it abrogates all of the exceptions. Today they've limited that just to personal property. The court doesn't have instructions on how it should apply the notwithstanding clause in the state's view, where it abrogates some portions, but not all portions, of Article 12. It's our position that Article 12 is explicitly incorporated. The notwithstanding clause does not apply to that incorporation. And despite what we agree are policies and national trends, the court has to follow the language of the statute. And the language of the statute says that the exception applies to $12,000 at issue in this case. That's why we ask for the relief either to withdraw the lien or to remand with instructions that the exception shall apply. What about the state's argument that if we were to follow the Department's argument here, we're literally wiping out the exemption? You mean that we have to lien? Right. Well, that would apply to any lien. Any time that there's an exemption, that means that enforcing the lien will not net any money for the party that's enforcing the lien. But in a case where there's a personal injury reward of greater than $15,000, nothing's being left out. The state has a right to the money above $15,000 under the exemption. And that's totally consistent. The two provisions can be read harmoniously, and there's no reason for the court to apply this notwithstanding clause further than the subsection where the legislature has placed it in the statute. What's the purpose of the notwithstanding clause? The purpose is to abrogate exemptions to liens like what is present in the Workers' Compensation Act. And the enforcement of liens is in a different subsection of the statute, and the notwithstanding clause does not apply to that different subsection. So under the support act in this case, before 2011, the language in the Workers' Compensation Act that says no liens would have prevented such a lien from being placed. After the notwithstanding language is added under the statute, the state can go after workers' compensation. So then your position would be then that if we were to accept your central position today, that that would not, as the department says, nullify the notwithstanding clause? No. If the notwithstanding clause applies to workers' compensation or applies to any other statute that might have something saying no liens, our argument would actually be the reverse, that accepting the state's argument nullifies the incorporation of Article 12, which is explicitly incorporated into the act for enforcement of liens. And going back to the benefit argument, the state argued that if the family unit was attacked, there would have been a benefit to the family unit anyway, regardless of what the amount would have been in terms of the recovery. If the $12,000 would have gone to the family unit, there would have been a benefit anyway. I guess my response to that is that that's this policy argument. It's an argument about the trends, and it's not tied to the language of the statute. And the language of the statute says that when you're enforcing a lien, there's this $15,000 exemption that applies. Thank you. Thank you. We want to thank both counsels for a well-briefed and well-argued matter, and this Court will take it under advisement.